POTTER v. MORNING JOURNAL ASS'N et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

LIBEL—DEFENSE—AGREEMENT TO RELEASE.

Where complaint for libel alleges that defendants published and circulated, and caused to be published and circulated, copies of a certain newspaper containing the libel, no defense is set up by the answer denying publication of the newspaper by defendants, and alleging an agreement between plaintiff and the owners and publishers of the paper releasing such owners and publishers from liability on account of the libel.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from special term, New York county.

Action by Daniel C. Potter against the Morning Journal Association and others. From an order allowing a commission to take testimony, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benjamin Scharps, for appellant.
M. S. Guiterman, for respondents.

INGRAHAM, J. The action is for libel, the complaint alleging that the defendants published and circulated, and caused to be published and circulated, a copy or copies of a newspaper entitled and called the Evening New York Journal, or the New York Evening Journal, and that the said newspaper published of and concerning the plaintiff the libel therein set forth. The defendants served separate unverified answers, denying all of the allegations of the complaint, thus denying the publication of the newspaper by the defendants; and alleging as a separate defense that the plaintiff and the owners and publishers of the New York Evening Journal entered into an agreement whereby the plaintiff released and discharged the said owners and publishers of and from all claim and demand, cause and causes of action, whatever, upon condition that there would be published in the New York Evening Journal a retraction of the libel; and the defendants allege that, in accordance with said agreement, and in compliance with the condition, there was published on the 8th day of June, 1897, in the New York Evening Journal such retraction. This defense is bad

upon its face. As the defendants did not publish the New York Evening Journal, any agreement made between the publishers of that newspaper and the plaintiff was entirely immaterial in any action against the defendants. Whether or not this plaintiff released his cause of action against other persons who had published a libel against him is entirely immaterial in an action brought to enforce a liability for a libel published by the defendants. If it were proved, therefore, that the plaintiff did make an agreement with the publishers of the New York Evening Journal whereby his cause of action against such publishers was released, this would not be a defense to this action, unless there was an allegation that the defendants were such publishers. Before the court can grant an order allowing a commission, it must appear by affidavit that the testimony of one or more witnesses, not within the state, is material to the applicant (Code Civ. Proc. § 887); and by subdivision 5 of section 888 of the Code it is provided that a commission may issue where an issue of fact has been joined in an action pending in a court of record, and the testimony is material to the applicant in the prosecution or defense thereof. In the affidavit made by one Carvalho, president of the Star Company, one of the defendants, upon which this application is made, great care is taken to avoid alleging that this agreement was made with the defendants, or to relieve them from liability by reason of the publication of the libel. That affidavit simply alleges that Jackson would swear that the plaintiff agreed to release the New York Journal from any and all liability. There is certainly nothing in this allegation that would indicate that the testimony of this witness could, by any possibility, be material to the defense of this action. This is not a case of inconsistent defenses. The position of the defendants might be correct if the answer had alleged that the agreement upon which this fourth defense was based was made between the plaintiff and the defendants; but where it is simply alleged to be made with the proprietors and publishers of a newspaper, the answer denying that these defendants were either the publishers or proprietors of such newspaper, it seems clear that no defense is alleged, and that the testimony of a witness to prove that fact would not be material to the defense of the action.

The order appealed from should, therefore, be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except VAN BRUNT, P. J., and PATTERSON, J., who dissent.